IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01651-BNB

ROBERT CHARLES HOPES, JR.,

    Plaintiff,

v.

R. WILEY, Warden,
TODD OWEN MANSPEAKER, S.O.S.,
BARBARA BATULIS, S.O.S.,
JOHN P. MANLEY, Lieutenant,
MR. FOX, Associate Warden,
JORGE CASTANEDA, Captain,
G. BREAM, Senior Officer Specialist,
R. MADISON, Correctional Counselor,
P. ZOHN, Psychologist,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2008

GREGORY C. LANGHAM
                 CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE FINAL AMENDED COMPLAINT

---

Plaintiff, Robert Charles Hopes, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Hopes has filed *pro se* a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, and pursuant to 18 U.S.C. §§ 241, 242, and 245. He asks for money damages and declaratory and injunctive relief. In addition, Mr. Hopes has submitted letters and a motion to clarify in which he apparently attempts to clarify his claims or assert new ones.

To the extent Mr. Hopes is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241, 242, and 245, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Hopes lacks standing to maintain a criminal action.

Mr. Hopes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the complaint liberally because Mr. Hopes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hopes will be ordered to file a final amended complaint.

The Court has reviewed Mr. Hopes' complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair

2

notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hopes fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are verbose and redundant. Rather than stating his claims once in a clear and succinct manner, he makes the same allegations again and again in an attempt efforts to show the personal participation of each named Defendant in the asserted claims. In addition, he appears to be attempting to supplement and amend his claims through the letters and motion he has filed.

Mr. Hopes will be directed to file a final amended complaint asserting all of the claims he seeks to assert against all the Defendants he plans to sue. Mr. Hopes will

not be allowed to supplement the final amended complaint with letters, motions, or any other documents that amend his claims. Mr. Hopes is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hopes must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Hopes must provide sufficient copies of the final amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hopes should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion to clarify that Plaintiff, Robert Charles Hopes, Jr., filed with the Court on August 14, 2008, is granted. It is

FURTHER ORDERED that Mr. Hopes file **within thirty (30) days from the date of this order** an original and sufficient service copies of a final amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hopes, together with a copy of this order, two copies of the following form to be used in submitting the final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Hopes submit sufficient copies of the final amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Hopes fails to file an original and sufficient service copies of a final amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 18th day of August, 2008.

BY THE COURT:

s/ Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01651-BNB

Robert C. Hopes, Jr.,
Reg. No. 04249-180
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  8/18/08 .

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk